# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILSON EARL LOVE,

    Plaintiff(s),

v.

STATE OF NEVADA,

    Defendant(s).

Case No.: 2:20-cv-00441-GMN-NJK

**ORDER**

(Docket No. 1)

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also filed a complaint and motion requesting that the Court serve Defendant with the complaint. Docket Nos. 1-1, 1-3.

**I.**    *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to § 1915(a). The Clerk's Office is **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**    **Screening Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff alleges that Defendant "prosecuted [him] without cause," violating his Fourth and Fourteenth Amendment rights. Docket No. 1-1 at 1–2. Plaintiff further alleges that Defendant "conspired" with the Las Vegas Metropolitan Police Department, the Public Defender's office, and the Clark County District Court. *Id.* at 2. Plaintiff further alleges that he was "convicted and sentenced . . . to serve [sentences of three and ten years] consecutively" in 1996, *id.*; however, Plaintiff appears to no longer be incarcerated, *see* Docket No. 1 at 1, 2. Plaintiff seeks various forms of relief, including damages and "exonerat[ion]" from his prior convictions. Docket No. 1-1 at 3.

Plaintiff appears to be challenging his state convictions.[1] However, it is well-settled that a federal district court does not have appellate jurisdiction over a state court, whether by direct

---

[1] It is not obvious to the Court what other claims Plaintiff might be attempting to make under the Fourth and Fourteenth Amendments based on the facts alleged in the complaint.

appeal, mandamus, or otherwise. *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). The Supreme Court has also held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Plaintiff does not allege that his conviction or either sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, Plaintiff's complaint fails to state a claim against Defendant.

For the reasons stated above, the complaint is **DISMISSED**.[2] Although it appears unlikely that Plaintiff can overcome the above deficiencies, the Court will permit him the opportunity to amend the complaint if he believes he can do so. Further, the Court **DENIES** Plaintiff's motion to serve Defendant with the complaint because the complaint has not yet passed the screening process. Docket No. 1-3.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff will not have to pay the filing fee of four hundred dollars ($400.00). Plaintiff may maintain this action to conclusion without the need for prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **April 16, 2020**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot

---

[2] Given the deficiencies outlined herein, the Court need not opine on whether other deficiencies exist that may also prevent Plaintiff from pursuing his claims through this case.

refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: March 20, 2020

_____
Nancy J. Koppe
United States Magistrate Judge