UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILSON EARL LOVE,<br><br>    Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA,<br><br>    Defendant(s). | Case No.: 2:20-cv-00441-GMN-NJK<br><br>**REPORT AND RECOMMENDATION** |

On March 20, 2020, the Court dismissed Plaintiff's complaint with leave to amend. Docket No. 4. The Court found that Plaintiff's complaint failed to state a claim. *Id.* at 3. The Court allowed Defendant to file an amended complaint, if he could correct the deficiencies the Court noted. *Id.*

Pending before the Court is Plaintiff's amended complaint. Docket No. 7.[1] Plaintiff alleges that, on May 30, 1996, the State of Nevada filed an information that he robbed a person without specifying what Plaintiff took. *Id.* at 2. He also alleges that he was scheduled for a hearing on June 4, 1996, and was, at that time, in custody of the Las Vegas Metropolitan Police Department. *Id.* Plaintiff alleges that Defendant violated his Fourth and Fourteenth Amendment rights. *Id.*

Plaintiff again appears to challenge his state conviction.[2] However, a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*,

---

[1] Plaintiff also submitted an amended complaint at Docket No. 6. As the Court has warned, an amended complaint supersedes any other complaint. *See* Docket No. 4 at 3–4. Thus, the Court will not consider or screen the filing at Docket No. 6.

[2] It is again not clear to the Court what other claims Plaintiff might be trying to make under the Fourth and Fourteenth Amendments based on the facts alleged in the amended complaint.

1

334 F.3d 895, 898 (9th Cir. 2003). The Supreme Court has also held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or questioned by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Plaintiff fails to allege that his conviction or either sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or questioned by a federal court's issuance of a writ of habeas corpus. Thus, Plaintiff's amended complaint fails to state a claim against Defendant.

For the above reasons—and because Plaintiff failed to cure the deficiencies in his original complaint—the Court **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be closed.

IT IS SO ORDERED.

Dated: May 8, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).